# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2022

Lyle W. Cayce
Clerk

No. 21-60938
Summary Calendar

Grace Velancous Serpa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A089 936 087

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Grace Velancous Serpa, a native and citizen of Peru, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of her appeal from the decision by the immigration judge ordering her removal. Specifically, Velancous Serpa challenges the denial of her application for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60938

adjustment of status under 8 U.S.C. § 1255(a), which she requested after being granted a visa as a self-petitioner under the Violence Against Women Act (VAWA).

Under § 1255(a), an alien with an approved petition for classification as a VAWA self-petitioner may have her status adjusted to a lawful permanent resident by the Attorney General "in his discretion." Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review a denial of discretionary relief, including "any judgment regarding the granting of relief under § . . . 1255." *See Patel v. Garland*, 142 S. Ct. 1614, 1621-22 (2022) (internal quotation marks omitted). However, there are exceptions to the jurisdiction-stripping provisions of § 1252(a)(2)(B) for "constitutional claims or questions of law." § 1252(a)(2)(D); *see Patel*, 142 S. Ct. at 1623.

We lack jurisdiction to consider Velancous Serpa's challenge to the agency's denial on discretionary grounds of her request for adjustment of status under § 1255(a). In *Patel*, 142 S. Ct. at 1621-22, the Supreme Court confirmed that § 1252(a) strips courts of jurisdiction to review any and all decisions relating to the granting or denying of relief under § 1255 and the other enumerated statutes. There is no merit to Velancous Serpa's arguments that the agency's adverse credibility determination and its alleged failure to consider her favorable equities raise legal or constitutional questions that are reviewable under § 1252(a)(2)(D). *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1681 (2021); *Nastase v. Barr*, 964 F.3d 313, 319 (5th Cir. 2020) (stating that an alien "may not—merely by phrasing his argument in legal terms—use those terms to cloak a request for review of the BIA's discretionary decision, which is not a question of law") (internal quotation marks, brackets, and citation omitted).

The petition for review is DISMISSED.